HULETT C. FOSTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Foster v. Commissioner
Docket No. 13511-82.
United States Tax Court
T.C. Memo 1988-59; 1988 Tax Ct. Memo LEXIS 59; 55 T.C.M. (CCH) 121; T.C.M. (RIA) 88059; February 18, 1988. Hulett C. Foster, pro se. Juandell D. Glass, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioner's Federal income taxes and addition as follows: Additions to Tax
Taxable Year
Deficiency
Sec. 6653 (b) [1]
Sec. 6654
1972
$ 2,627.50
$ 1,313.75
$  83.87
1973
305.56
152.78
9.76
1974
4,085.89
2,042.95
130.44
*60 When this case was called from the trial calendar on May 18, 1987, in Guthrie, Oklahoma, petitioner did not appear in person or through counsel. [2] Respondent appeared through counsel and made an oral motion to dismiss for failure properly to prosecute. At trial, we granted respondent's motion with respect to the Federal income tax deficiency and the additions to tax under section 6654 and heard the testimony of Special Agent John Nance with respect to the additions to tax under section 6653(b). We must now decide whether petitioner is liable for the additions to tax under section 6653(b), or alternatively, whether petitioner is liable for the additions to tax under section 6651(a)(1) and 6653(a). *61 FINDINGS OF FACT On March 30, 1983, respondent served counsel for petitioner with a request for admissions. Neither petitioner nor his counsel responded to the request for admissions. Consequently, the facts set forth in respondent's request for admissions, not having been responded to within 30 days of its service, are deemed admitted for purposes of this case. Rule 90(c) and (e); . Petitioner, Hulett C. Foster, resided in Norman, Oklahoma, at the time he filed his petition. [3] Petitioner failed to file Federal income tax returns for the taxable years 1972 through 1974. Petitioner was a cash basis taxpayer and was required to file Federal income tax returns for the taxable years 1972 through 1974. During the taxable years in issue, petitioner engaged in the businesses of rendering services for compensation, farming and ranching. Petitioner derived taxable income from wages, farming or ranching income, and cattle sales. Petitioner also received farm subsidy *62 payments. Petitioner told respondent's agents that his income had to be about $ 12,000 a year in order to service his debt. Petitioner did not maintain books and records of his income-producing activities during the taxable years in issue. On January 1, 1972, petitioner owned about 290 acres of land in McClain County, Oklahoma, of which 140 acres were purchased in 1971 for $ 56,000. On May 8, 1972, petitioner executed an application for a loan to the Federal Land Bank of Wichita wherein he claimed ownership of 540 acres of land acquired between the years 1955 and 1972. At the end of 1974, petitioner owned about 500 acres which he had in cultivation. The land held by petitioner was not purchased but acquired through the transfer of title from his father. Petitioner made conflicting statements to Special Agent John Nance about his ownership of farmlands. During 1972, petitioner earned farm and other income in a total amount of $ 15,000. Petitioner incurred interest expense of $ 1,000 and miscellaneous expenses of $ 2,000. Petitioner made conflicting statements to Special Agent John Nance about his farm income. During 1973, petitioner received $ 4,559.90 for sales of cattle *63 to the Dempsey-Wright Live Stock Commission Co. These proceeds were not deposited in petitioner's bank account. [4] Petitioner did make deposits in his bank account in the amount of $ 2,507.17, withholding currency of $ 180.05 from such deposits. During 1974, petitioner received $ 10,080.71 for sales of cattle to the Dempsey-Wright Live Stock Commission Co. Petitioner deposited $ 5,829 in his bank account, withholding currency of $ 264.74 from such deposits. Petitioner made conflicting statements to Special Agent Nance about his ownership and sale of cattle. The Commissioner mailed a statutory notice of deficiency to petitioner for the taxable years 1972 through 1974 and determined the following amounts of unreported income: Taxable Year
Unreported Income
1972
$ 12,000.00
1973
2,687.22
1974
16,174.45
The Commissioner also determined that petitioner was liable for the additions to tax under sections 6653(b) and 6654. OPINION Section 6653(b) provides *64 that if any part of an underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. Respondent bears the burden of establishing by clear and convincing evidence the elements of the section 6653(b) fraud addition. Sec. 7454(a); Rule 142(b); . The elements to be shown are (1) an underpayment of tax, and (2) that some part of this underpayment was due to fraud. . Respondent need not prove the precise amount of underpayment resulting from fraud, but only that some part of the underpayment is attributable to fraud. , affg. a Memorandum Opinion of this Court. Respondent must prove that petitioner intended to evade taxes that he knew or believed to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. , affg. a Memorandum Opinion of this Court; , *65 affg. a Memorandum Opinion of this Court. The issue of fraud poses a factual question that is to be decided on an examination of all the evidence in the record. , affg. , cert. denied ; . Fraud can seldom be established by direct proof of the taxpayer's intention; therefore, the taxpayer's entire course of conduct must be considered, and fraudulent intent can be established by circumstantial evidence. , affd. per curiam ; . Fraud is never imputed or presumed and courts should not sustain findings of fraud upon circumstances that at most create only suspicion. . Although respondent carries a heavy burden, it is clearly established that a taxpayer's intent to evade tax may be proved by facts deemed admitted pursuant to the Rules of this Court. ; *66 . We conclude that respondent has affirmatively shown various indicia of fraud through the facts deemed admitted. Petitioner failed to file Federal income tax returns for the taxable years in issue. Petitioner derived taxable income from wages, farming or ranching income, and cattle sales and was required to file Federal income tax returns for the taxable years in issue. Petitioner told respondent's agent that his income had to be about $ 12,000 a year in order to service his debt. Failure to file, even over an extended period of time, does not conclusively establish fraud. . However, failure to file is persuasive circumstantial evidence of fraud. , affg. a Memorandum Opinion of this Court. Petitioner also failed to maintain any books and records. Failure to maintain complete and accurate records is an indication of fraud. ; . Petitioner made conflicting *67 statements to Special Agent Nance about his ownership of farmlands, his farm income, and his ownership and sale of cattle. This indicates to us an intent on the part of petitioner to mislead Special Agent Nance and thereby conceal his income for the taxable years in issue. ; see . In view of the foregoing we hold that respondent has shown by clear and convincing evidence that in each taxable year a part of the underpayment was due to fraud and, therefore, the additions to tax under section 6653(b) will be sustained. Our holding with respect to fraud under section 6653(b) eliminates the need to consider respondent's alternative position with respect to the additions to tax under section 6651(a)(1) and 6653(a). Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the relevant years, and all Rule references are to the Rules of Practice and Procedure of this Court. ↩
2. Petitioner was originally represented by counsel. The Notice Setting Case for Trial was served December 17, 1986. On February 26, 1987, counsel filed a Motion to Withdraw which the Court granted. At the time of trial, petitioner was incarcerated in the John H. Lilley Correctional Center in Boley, Oklahoma. However, petitioner was a participant in a program which allowed him to leave the correctional facility in order to attend to legal matters. ↩
3. Counsel's Motion to Withdraw provides that petitioner was incarcerated in the Oklahoma State Penitentiary at the time the petition was filed. ↩
4. This amount was deposited in the account of petitioner's father and included in the computation of his taxable income. See . ↩